*J. W. Gordon, J. R. Troxell, J. Hanna,* and *F. Knefler,* for appellee.

———————————◆———————————

## McKERNAN v. COLLINS.

CONTRACT.—*Interpretation.*—A contract that if certain improvements are sold for five thousand dollars, B. is to have four hundred dollars, or in proportion if

McKernan *v.* Collins..

for a less sum; and if the works and machinery constituting the improvements are started again and are successful, A. is to have the same amount, but if unsuccessful, nothing, will entitle A. to a proportion, if the improvements are sold after an unsuccessful attempt to run them.

APPEAL from the Marion Circuit Court.

DOWNEY, J.—On the 1st day of August, 1867, the parties entered into a co-partnership in the Carondelet furnace property, Collins taking one-fourth and McKernan retaining three-fourths, Collins receiving one-fourth interest in consideration of his assuming the one-fourth of the expenses incurred in putting up the said furnace by McKernan, and from that date he was to take a full one-fourth interest in the furnace, sharing to that extent with said McKernan in all its assets and debts, in accordance with the laws and bond of purchase between said McKernan and the Pilot Knob Iron Company, Collins to enjoy the advantage of any reduction in the price of the property made by the Pilot Knob Company. On the 11th day of September, 1867, this co-partnership was terminated by the following agreement:

"INDIANAPOLIS, September 11th, 1867.

"This is to certify that if James H. McKernan makes sale of the improvements of the Carondelet furnace, situated at Carondelet, Missouri, for five thousand dollars, four hundred dollars is agreed upon to be paid Mr. William Collins, or in proportion to whatever the sale amounts to under five thousand dollars; but in case the works are started again and prove a success, will still entitle him to the four hundred dollars, as agreed upon; but if not a success, Mr. William Collins receives nothing. This is in consideration out of a co-partnership existing between James H. McKernan and William Collins.

[Signed]      - "WILLIAM COLLINS,

"JAMES H. McKERNAN."

This action was predicated upon this agreement of September 11th, 1867. The complaint is in three paragraphs. The first alleges that McKernan sold the said improvements for a sum exceeding five thousand dollars, by reason whereof

he became liable to pay to Collins the said sum of four hundred dollars, but which he has failed to pay. The second paragraph alleges that the works of the said furnace were started again and proved a success, yielding large profits to the owners of the same; that the defendant, since September 11th, 1867, received from the city of St. Louis, as a bonus, the sum of fifteen thousand dollars. The third paragraph alleges that the said works were started again, and did prove, and have continued to prove a success, and that the defendant did sell said works for a large sum of money, to wit, the sum of nine thousand dollars.

There was a demurrer by the defendant to the first paragraph of the complaint, which was overruled, and this is assigned as error; but that paragraph is clearly sufficient. The defendant then pleaded the general denial to all the paragraphs of the complaint, and a trial by jury resulted in a verdict for the plaintiff for four hundred dollars. The defendant moved for a new trial, for the following reasons:

1st. The verdict is contrary to law.

2d. Is not sustained by the evidence, but is contrary to the evidence.

3d. The damages are excessive.

4th. Error in the assessment of the amount of recovery, the same being excessive.

This motion was overruled, and the defendant excepted, put the evidence in the record, and, judgment having been rendered against him, he appealed to this court.

The only error properly assigned, besides the one already disposed of, is, that the court improperly refused to grant a new trial.

Before proceeding to consider the case upon the evidence, it is proper to dispose of a motion which has been made by the appellant to strike out of the record the deposition of John H. Harrison. That deposition appears to have been copied into the bill of exceptions without any authority, as it does not appear to have been used on the trial. It must,

therefore, be stricken out and disregarded in considering the facts of the case.

Precisely what was meant by the word "improvements," as used in the contract sued on, is not very clear. The partnership contract between McKernan and Collins says they had formed a partnership in "the Carondelet furnace property." Collins testified, that "the improvements mentioned in the agreement were the lease, lands, buildings, and other improvements on the ground. I think there were eight buildings on the ground." It thus seems probable that the word improvements was intended to include all the property which had been owned by McKernan and Collins as partners at Carondelet.

It is shown that McKernan failed to sell the property, and in two months after the 11th of September, 1867, took into partnership with him Lilly and Miller, and again "started the works." During the existence of this partnership, they expended on the property for repairs and improvements sixteen thousand dollars, and received as contributions by way of bonus from St. Louis and Carondelet, and perhaps other parties, twelve thousand dollars, which they agreed to repay if their operations proved successful. This firm failing in success, Lilly and Miller sold their interest back to McKernan. He afterward sold the entire property for fifteen thousand dollars to Spear and McNair.

We do not see that Collins can rightfully claim anything on account of the sums obtained by McKernan, Lilly, and Miller, by way of bonus or donation. He was not then a member of the firm, but had previously sold out to McKernan.

McKernan, Lilly, and Miller, while they were in partnership, expended on the property, in improvements, sixteen thousand dollars, and these improvements were added to those which are mentioned in the contract upon which the suit is brought.

By the purchase of the interest of Lilly and Miller, McKernan became the sole owner of these improvements thus made,

Collins having no interest whatever in them. Now, as Mc-Kernan sold the whole property for only fifteen thousand dollars, there should have been evidence showing the value of the improvements referred to in the contract sued upon or what McKernan got for them, to enable the jury to determine whether McKernan sold them for five thousand dollars, or less, and if less, how much? Without this evidence the jury could have had no proper basis on which to determine the amount to which Collins was entitled under the first provision of the contract..

It is very clear that the evidence does not show that the attempt to operate the furnace, while McKernan was connected with it was successful.

There may be some doubt whether the sale of the property after an unsuccessful effort to make the furnace "a success" by again running the "works," would entitle Collins to anything. But, after some hesitation, we have come to the conclusion that, under the very general language of the contract, which fixes no time within which the sale should be made, a sale after an unsuccessful attempt to operate the furnace will entitle him to recover what the evidence may show him entitled to recover.

The judgment is reversed, with costs, and the cause remanded.

*J. T. Dye* and *A. C. Harris,* for appellant.

*W. Wallace,* for appellee.